UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON D. TAUFNER,

    Plaintiff,

v.                                                     Case No. 19-CV-1288

JANE DOE 1 and JOHN DOE,

    Defendants.

---

### ORDER

---

    Jason D. Taufner is a Wisconsin state prisoner representing himself in this civil rights lawsuit. He sued two Doe defendants based on allegations that he did not receive adequate medical care while he was an inmate at the Milwaukee County Jail. Because Taufner did not know the name of either defendant, I added Milwaukee County Sheriff Earnell Lucas to the case for the limited purpose of assisting with the identification of the defendants.

    Taufner filed a motion asking for more time to identify the Does, which he has now done. (Docket # 15.) I will therefore deny that motion as moot. I will also grant his two motions to substitute. In the first, he moved to substitute Kimberly Johnson for the John Doe placeholder. (Docket # 16.) In the second he moves to substitute Lynda Karaszewski for the Jane Doe 1 placeholder. (Docket # 23.) Johnson and Karaszewski are now the named defendants in this case, and I will order that they be served with the plaintiff's complaint, the screening order, and a copy of this order. I will also dismiss Lucas from the lawsuit as his purpose for being added as a party has been fulfilled.

Taufner has also filed two motions asking for appointment counsel for him. (Docket # 21, 22.) Unlike in criminal cases, there is no right to appointment of counsel in civil cases. However, courts do have the discretion to recruit counsel for individuals unable to afford an attorney in a civil case. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising my discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, I must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. I look at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence

2

Case 2:19-cv-01288-NJ   Filed 02/26/21   Page 2 of 5   Document 25

gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

Taufner has not met the first requirement that he demonstrate he tried to find counsel on his own. I will deny his motions without prejudice for this reason. I also note that I would deny his motions at this time even if he had tried to find counsel on his own. There is nothing for Taufner to do right now. The defendants will be served with the complaint and then will file an answer. Once they do that, I will issue a scheduling order. At that point, the parties will begin to engage in discovery. Taufner was able to use discovery to learn the two identities of the two previously unidentified defendants, demonstrating he knows how to use interrogatories and document requests to get information. I have no reason to believe he will not be able to continue to do so to get information he needs to support his case.

I also understand that the COVID-19 pandemic is affecting institutions and inmates' abilities to use the library and the computers and even talk to each other. This is not unique to Taufner. I believe the concerns associated with the limitations the pandemic has created can be properly addressed by making sure Taufner has enough time to complete tasks. Should Taufner need more time to accomplish something, he should ask for more time to do so. If Taufner's circumstances change, he may renew his motion. He should be sure to be specific about why he believes he needs attorney.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Taufner's motion for an extension of time (Docket # 15) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Taufner's motion to substitute the John Doe defendant (Docket # 16) is **GRANTED**. Kimberly Johnson is substituted for the John Doe placeholder.

**IT IS ALSO ORDERED** that Taufner's motion to substitute the Jane Doe 1 defendant (Docket # 23) is **GRANTED**. Linda Karaszewski is substituted for the Jane Doe 1 placeholder.

**IT IS ALSO ORDERED** that Earnell Lucas is **DISMISSED** from this lawsuit.

**IT IS FURTHER ORDERED** that Taufner's motion to appoint counsel (Docket # 21, 22) are **DENIED without prejudice**.

**IT IS ALSO ORDERED** that, under an informal service agreement between Milwaukee County and this court, a copy of the complaint, the screening order (Docket # 11), and this order have been electronically transmitted to Milwaukee County for service on defendants Kimberly Johnson and Linda Karaszewski.

**IT IS FURTHER ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after I enter a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Taufner is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Taufner is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Taufner's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Taufner may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 26th day of February, 2021.

BY THE COURT:

*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge